Douglas J. Pick
Eric C. Zabicki
**PICK & ZABICKI LLP**
Counsel to the Debtor-Plaintiff
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

CONGREGATION BIRCHOS YOSEF,

      Debtor.
------------------------------------------------------------x
CONGREGATION BIRCHOS YOSEF,

      Plaintiff,
  v.

YESHIVA OHR TORAH,

      Defendant.
------------------------------------------------------------x

Chapter 11
Case No. 15-22254 (RDD)

Adv. Proc. No. 15-_____ (RDD)

**COMPLAINT**

Plaintiff Congregation Birchos Yosef, the debtor and the debtor-in-possession herein (the "Debtor"), by and through its undersigned counsel, as and for its Complaint against Defendant Yeshiva Ohr Torah (the "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.    This adversary proceeding is brought by the Debtor against the Defendant seeking to recover amounts owed to the Debtor in connection with the Defendant's use and occupancy of certain commercial real property owned by the Debtor subsequent to the expiration of a certain Lease (hereinafter defined) between the Debtor, as landlord, and the Defendant, as tenant, and to compel the Defendant to surrender possession of the property at issue to the Debtor.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(b) and 1334(b).

3. This is a "core" proceeding as defined by 28 U.S.C. §§157(b)(2)(A), (b)(2)(E), and/or (b)(2)(O).

4. Venue of this proceeding is proper pursuant to 28 U.S.C. §§1408 and 1409.

## GENERAL BACKGROUND AND PARTIES

5. The Debtor is a religious corporation organized and existing under the laws of the State of New York.

6. On February 26, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was simultaneously entered.

7. The Defendant is, and at all times material herein was, a religious corporation organized and existing under the laws of the State of New York.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8. Pursuant to a Bargain and Sale Deed dated May 2, 2007 and recorded with the Clerk of Rockland County, New York, on May 9, 2007, the Debtor is the fee owner of certain real property, and the buildings and improvements situated thereon, located at 201 Route 306, Monsey, New York (the "Property").

9. On or about October 17, 2012, the Debtor, as landlord, and Defendant, as tenant, entered into a written Lease Agreement (together with the Rider and all exhibits thereto, the

"Lease") providing for Defendant's use and occupancy of certain demised premises within the Property (as more fully described in the Lease, the "Demised Premises").

10. A true and accurate copy of the Lease is attached hereto as *Exhibit "A"*.

11. The Defendant subsequently took possession of the Demised Premises for the purposes of operating a Yeshiva therein.

12. Paragraph 21 of the Lease provided for an option to purchase the Property in favor of the Defendant (the "Purchase Option") as follows:

> (a) For ninety (90) days after the commencement of this Lease and provided that at least ten days notice of same has been given by Landlord to Tenant regarding same, no sooner than eighty (80) days after the date hereof, Tenant shall have the option to purchase the [Property] from the Landlord for the sum of $6,500,000.00 pursuant to a separate contract initialed (but not signed) simultaneously herewith (*See Contract of Sale annexed as Exhibit ["B"]*). The option shall be exercised by the TENANT signing the contract and delivering it to the LANDLORD together with the downpayment required thereunder, who shall sign and return the contract to the TENANT within five (5) business days.
>
> (b) At the closing,
>
> (i) the Landlord shall give to the TENANT/PURCHASER a credit against the contract price as a closing adjustment, a sum equal to the total of $18,182.00 for each month between the date of this Lease and the date the Tenant exercises its option and $36,363.00 per month thereafter until closing, with a maximum closing credit of $150,000 as rent paid toward the purchase price.
>
> (ii) Additionally, in the event Tenant closes on the [Property] prior to the expiration of this Lease term, Tenant shall be entitled to a credit at the time of closing equal to the rent paid for the unexpired portion of this Lease pro rata. For the purpose of computing same, the formula to be used will consist of allocation of the lump sum rent payment of $400,000.00 as $36,363.64 per month for the first 9 months under the lease and $18,181.82 for the remaining 3 months under the lease.

13. With regard to its term, Paragraph 2 of the Lease provided as follows:

> Provided that the Purchase Option…has been exercised, the term of this lease shall be for one (1) year commencing on October 17, 2012 until 11:59 p.m. on October 16, 2013. In the event the Purchase Option has not been exercised, the term of the Lease shall expire on September 4, 2013 at 11:50 p.m.

14. With regard to the payment of rent by Defendant to the Debtor ("Base Rent"), Paragraph 1 of the Lease provided as follows:

> The TENANT covenants and agrees to pay rent to the LANDLORD for the duration of the period covered by this Lease in the sum of $400,000.00, which sum shall be due and payable in full upon the signing of this Lease and shall subsequently be applied as $36,363.64 per month for the first nine (9) months and $18,181.82 per month for the last three (3) months.

15. Pursuant to the Lease, and in addition to the Base Rent, the Defendant agreed to pay certain amounts to the Debtor as "additional rent" ("Additional Rent" and, together with Base Rent, "Rent") in connection with its use and occupancy of the Demised Premises including, without limitation: (a) all charges associated with the "maintenance, repair and use of water, electric and gas service and for any and all other utilities and services used by Tenant in or upon the Demised Premises (see Paragraph 25(a) of the Lease); and (b) "Tenant's proportionate share of common area expenses, lighting, parking lot maintenance, building maintenance and any other charges directly attributable to the maintenance and repair of" the Property (see Paragraph 25(b) of the Lease).

16. Paragraph 31 of the Lease provides that, in the event that the Debtor, by reason of any default by the Defendant, "shall pay any sum of money, or shall do any act which requires the payment of money, or shall expend any sums for legal services of any nature or

4

description, then the sum or sums so paid, with interest thereon at the rate of Two (2%) percent per month, shall be added to the installment of rent next becoming due, and shall be collectible as additional rent, in the same manner and with the same remedies as if it had been ordinarily reserved herein as rent."

17. Defendant failed to exercise the Purchase Option in accordance with the terms and conditions provided for under the Lease with regard thereto.

18. In this regard, as of the date hereof:

(a) The purported contract of sale attached to the Lease as Exhibit "B" (the "Alleged Contract") was not executed by all parties;

(b) The terms of the Alleged Contract were not approved by the Debtor's members nor the Debtor's Board of Trustees as required pursuant to Article 5 of the New York Not-For-Profit Corporation Law (requiring approval of the membership of a not-for-profit corporation to any sale of any real property of the corporation);

(c) No petition was ever made to any court seeking approval of the terms of the Alleged Contract pursuant to §12 of the Religious Corporations Law (pursuant to which leave of court is required prior to any sale, mortgage or lease for a term exceeding five years of any real property owned by a religious corporation); and

(d) The Defendant never tendered the $650,000.00 downpayment called for under the Alleged Contract to the Debtor.

19. As a result, and by operation of Paragraph 2 of the Lease, the term of the Lease expired on September 4, 2013 at 11:59 p.m. (the "Lease Termination Date").

20. Paragraph 51 of the Lease provided, in pertinent part, as follows:

Tenant shall vacate the Demised Premises upon the expiration or earlier termination of this Lease. Tenant shall reimburse Landlord, for and shall indemnify Landlord against, all damages incurred by Landlord from any delay by Tenant in vacating the Demised Premises. If Tenant does not vacate the Demised Premises upon the expiration or earlier termination of this Lease and Landlord thereafter accepts rent from Tenant, Tenant's occupancy of the Demised Premises shall be a "holdover" tenancy, subject to all of the terms of this Lease applicable to a holdover tenancy, except that the Base Rent then in effect shall be increased by two hundred (200%) percent.

21. Subsequent to the Lease Termination Date, the Defendant remained in possession of the Demised Premises, without the consent, approval or acquiescence of the Debtor, and continues therein as of the date hereof.

22. As a result, and pursuant to Paragraph 51 of the Lease, the amount payable by the Defendant for each month of its use and occupancy of the Demised Premises subsequent to the Lease Termination Date is $66,666.66 (*i.e.*, an increase of 200% above the stated regular Base Rent of $400,000.00 per annum/$33,333.33 per month).

23. The Defendant has failed to remit any rent or use and occupancy payments with regard to the Demised Premises for the period commencing October 4, 2013 through and including the date hereof.

24. As a result, and as of March 4, 2015, the Defendant owed the Debtor amounts totaling not less than $1,199,999.88 with regard to its use and occupancy of the Demised Premises subsequent to the Lease Termination Date (*i.e.*, eighteen (18) months from October 4, 2013 through March 4, 2015 at $66,666.66 per month).

25. The Defendant's use and occupancy obligations to the Debtor will continue to accrue at the rate of $66,666.66 per month until such time as the Defendant vacates the Demised Premises.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(Breach of Contract)

26. The Debtor repeats and realleges each and every allegation set forth in Paragraphs "1" through "25" as if set forth at length herein.

27. Prior to its expiration, the Lease constituted a valid and binding agreement as between the Debtor and the Defendant.

28. The provisions of the Lease concerning any holdover by the Defendant with regard to its tenancy of the Demised Premises survived the expiration of the Lease.

29. The Defendant breached the terms of the Lease by failing to surrender possession of the Demised Premises to the Debtor upon the expiration of the Lease and thereafter failing to pay the Debtor any rent or use and occupancy amounts concerning its possession of the Demised Premises from October 4, 2013 through and including the date hereof.

30. As a direct result of said breach, the Debtor has been damaged in the amounts described herein and for which the Debtor is liable to the Debtor.

31. Based upon the foregoing, the Debtor demands judgment against the Defendant in the principal sum of not less than $1,199,999.88, together with use and occupancy at the rate of $66,666.66 per month until such time as the Defendant vacates the Demised Premises, additional rent, applicable charges and expenses and the costs and disbursements of this action.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(Unjust Enrichment)

32. The Debtor repeats and realleges each and every allegation set forth in Paragraphs "1" through "31" as if set forth at length herein.

33. The Debtor permitted the Defendant to enter into possession of the Demised Premises with the reasonable and good faith expectation of being compensated for the Defendant's use and occupancy.

34. Being aware of the Debtor's expectation of payment, the Defendant entered into possession of the Demised Premises and has continued to use and occupy the Demised Premises in connection with its business operations, but without remitting the agreed upon amounts payable to the Debtor therefor.

35. As a result, the Defendant derived a substantial benefit from its use and occupancy of the Demised Premises on account of which the Debtor has not been compensated and to the Debtor's detriment.

36. As a result, the Defendant has been unjustly enriched at the expense of the Debtor.

37. Based upon the foregoing, the Debtor demands judgment against the Defendant in the principal sum of not less than $1,199,999.88, together with use and occupancy at the rate of $66,666.66 per month until such time as the Defendant vacates the Demised Premises, additional rent, applicable charges and expenses and the costs and disbursements of this action.

### AS AND FOR A THIRD CLAIM FOR RELIEF
(Attorney's Fees)

38. The Debtor repeats and realleges each and every allegation set forth in Paragraphs "1" through "37" as if set forth at length herein.

39. Pursuant to the Lease, the Defendant is required to reimburse the Debtor for all damages and/or expenses incurred, including attorney's fees, associated with any enforcement by the Debtor of its rights or remedies concerning the Lease and/or the Demised Premises.

40. As a result of, among other things, the Defendant's failure to surrender possession of the Demised Premises to the Debtor and its failure to pay the amounts owed to the Debtor as described herein, the Debtor has been required to retain the services of counsel to collect the amounts owed.

41. Based upon the foregoing, the Debtor demands judgment against the Defendant for its reasonable attorney's fees and expenses in an amount to be determined at trial.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
(Surrender of Possession of the Demised Premises)

42. The Debtor repeats and realleges each and every allegation set forth in Paragraphs "1" through "41" as if set forth at length herein.

43. Pursuant to the Lease, the Defendant was and continues to be obligated to vacate and surrender possession of the Demised Premises to the Debtor upon the Lease Termination Date.

44. Subsequent to the Lease Termination Date, the Defendant remained in possession of the Demised Premises, without the consent, approval or acquiescence of the Debtor,

and continues therein as of the date hereof, and without any legal or equitable basis upon which to do so.

45. As a result of the Defendants' failure to vacate and surrender possession of the Demised Premises, while simultaneously failing to pay the Debtor any amounts whatsoever associated with the Defendant's use and occupancy of the Demised Premises, the Defendant has deprived the Debtor of rights of ownership in and to the Demised Premises.

46. Based upon the foregoing, the Debtor demands the entry of a declaratory judgment awarding full and final possession of the Demised Premises to the Debtor and directing the Defendant to vacate and surrender possession of the Demised Premises to the Debtor by a date established by this Court or be held in contempt of Court.

**WHEREFORE**, the Debtor demands judgment against the Defendants as follows:

(i) A money judgment against the Defendant upon the First and Second Claims for Relief for the principal sum of not less than $1,199,999.88, together with use and occupancy at the rate of $66,666.66 per month until such time as the Defendant vacates the Demised Premises, additional rent, applicable charges and expenses;

(ii) A money judgment against the Defendant upon the Third Claim for Relief in an amount to be determined at trial for the Defendant's reasonable attorney's fees and collection costs;

(iii) A declaratory judgment upon the Fourth Claim for Relief awarding full and final possession of the Demised Premises to the Debtor and directing the Defendant to vacate and surrender possession of the Demised Premises to the Debtor by a date established by this Court or be held in contempt of Court; and

    (iv)    Upon all Claims for Relief, the costs and taxable disbursements of this action and such other, further and different relief as this Court may deem just, proper and equitable.

Dated: New York, New York
          March 18, 2015

                                          **PICK & ZABICKI LLP**
                                          Counsel to the Debtor-Plaintiff

                                By: _____
                                        Douglas J. Pick
                                        369 Lexington Avenue, 12th Floor
                                        New York, New York 10017
                                        (212) 695-6000